A party claiming entitlement to an easement by prescription must demonstrate the adverse, open and notorious, and continuous use of the subject property for the prescriptive period (see Vitiello v Merwin, 87 AD3d 632, 633 [2011]; Manouselis v Woodworth Realty, LLC, 83 AD3d 801 [2011]). “Absolute necessity in fact is the standard for a finding of an easement by necessity” (Michalski v Decker, 16 AD3d 469, 470 [2005]; see Town of Pound Ridge v Golenbock, 264 AD2d 773, 774 [1999]; Van Schaack v Torsoe, 161 AD2d 701, 703 [1990]; McQuinn v Tantalo, 41 AD2d 575 [1973]).
Here, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law by conclusively negating any one of the elements of an easement by prescription which, if proven at trial, would warrant the recognition of an easement by prescription (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Manouselis v Woodworth Realty, LLC, 83 AD3d 801 [2011]; Mee Wah Chan v Y & Dev. Corp., 82 AD3d 942, 943 [2011]; Bova v Vinciguerra, 184 AD2d 934, 934- *693 935 [1992]; cf. Charlebois v Lobe-A Prop. Owners, 193 AD2d 916, 917 [1993]). The defendants also failed to make a prima facie showing of entitlement to judgment as a matter of law by conclusively negating any one of the elements of an easement by necessity which, if proven at trial, would warrant the recognition of such an easement (cf. Almeida v Wells, 74 AD3d 1256, 1259 [2010]; Astwood v Bachinsky, 186 AD2d 949, 950 [1992]).
Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiffs opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Starkey v Curry, 94 AD3d 866, 867 [2012]).
The parties’ remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendants’ motion for summary judgment dismissing the complaint. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.